```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JAYBOY MUSIC CORP.,                      :
                                         :
              Plaintiff,                 :
                                         :    05 Civ. 8575(JFK)
           – against –                   :    OPINION and ORDER
                                         :
METRO-GOLDWYN-MAYER PICTURES, INC.,      :
                                         :
              Defendant.                 :
----------------------------------------X
```

**APPEARANCES**:

   **For Plaintiff**:

      LACHER & LOVELL-TAYLOR
      750 Lexington Avenue
      New York, New York 10022
        Of Counsel: Herbert P. Jacoby, Esq.

   **For Defendant**:

      BUSHELL & VALLIERE LLP
      60 East 42nd Street, Suite 2925
      New York, New York 10165
        Of Counsel: Timothy A. Valliere, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

Defendant Metro-Goldwyn-Mayer Pictures, Inc. ("MGM") moves for compulsory joinder of certain third party entities as defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

## BACKGROUND

This is a copyright action. Plaintiff Jayboy Music Corp. ("Jayboy") holds the copyright to the song "You Really Got Me" by virtue of an assignment from Edward Kassner Music Co., Ltd. of London, England. (Compl. ¶ 6.) Jayboy renewed this copyright on December 31, 1992. (Compl. ¶ 6.) Defendant produced and distributed the 2005 motion picture Be Cool. (Compl. ¶ 3.) The song "Sexy" appears on the Be Cool soundtrack. The opening verses to "You Really Got Me" are "Girl, you really got me going. You got me so I don't know what I'm doing." (Compl., Ex. 1.) The chorus in "Sexy" begins with "girl u really got me goin out of control I dot know what im doin." (Compl., Ex. 2.)[1] Jayboy alleges that the "Sexy" lyricist engaged in "sampling" by deliberately incorporating a key portion of "You Really Got Me" into "Sexy" without authorization. (Compl. ¶ 11.)

On May 14, 2004, Jayboy commenced a copyright action in this district against Universal Music Group, Inc. ("UMG"),

---

[1] Lest anyone question the Court's capitalization or spelling skills, it should be noted that the "Sexy" lyrics are rendered exactly as they appear in the exhibit.

Interscope Records, Inc., Universal Music and Distribution Corp. ("UM&D") and the "Sexy" lyricist, William Adams. On December 22, 2004, the parties entered into a settlement agreement (the "Settlement"). As part of the Settlement, Adams and the other authors of "Sexy" (collectively, the "Artists") agreed to pay Jayboy $75,000 as compensation for the prior distribution of "Sexy." For future sales, the Artists agreed to pay royalties of 1.5 cents per unit. UMG, UM&D, and another Universal signatory --Songs of Universal, Inc. ("Songs") -- were not obliged to make payments. In return, Jayboy granted the Artists (but not UMG, UM&D or Songs) an irrevocable license to use the lyrics at issue in "Sexy." Jayboy granted UMG, UM&D and Songs (as well as the Artists) a general release from all future claims and liabilities arising out the alleged use of "You Really Got Me." (See Valliere Decl., Ex. A.) The Court so-ordered a Rule 41(a) stipulation of dismissal on March 23, 2005.

On April 9, 2005, retroactive to March 4, 2005, MGM entered into a licensing agreement with Universal Music Publishing Group ("UMPG"). According to the agreement, UMPG acted on behalf of Songs and Universal Music Corp. Representing that it controlled the copyright to "Sexy," UMPG licensed MGM to use "Sexy" in the 2005 movie Be Cool. The UMPG-MGM licensing agreement contains a California forum selection clause. (See Valliere Decl., Ex. B.) On March 31, 2005, Universal Music

3

Enterprises ("UME") entered into a licensing agreement with MGM that permitted MGM to use "Sexy" and other songs in just about any worldwide medium, including movie theaters, TV and internet. This agreement is evidenced by a letter of intent, in which UME purports to be a division of UMG. There is no forum selection clause in the letter of intent. (See Valliere Decl., Ex. C.)

On October 6, 2005, Jayboy filed a complaint against MGM for copyright infringement arising out of the presence of "Sexy" in Be Cool. Jayboy seeks compensatory and statutory damages, and costs. See 17 U.S.C. §§ 504(b), 504©, 505. MGM answered and raised an affirmative defense that Jayboy authorized and licensed certain Universal entities to grant licenses, and that these Universal entities in turn granted licenses to MGM. (Ans. ¶ 22.) MGM now brings this motion to compel joinder of Songs (signatory to the Settlement), UMPG (signatory to the April 9, 2005 licensing agreement), UME (signatory to the March 31, 2005 letter of intent) and Universal Music Corp. ("UMC").

MGM makes four arguments in support of its motion. First, MGM contends that the "Universal entities" licensed "Sexy" to MGM.[2] To prevail against MGM, Jayboy must obtain a judicial declaration that Universal did not have the right to license

---

[2] As the Court pointed out at oral argument, the parties imprecisely use the terms "Universal" and "Universal entities." MGM's counsel agreed that these terms collectively stand for Songs, UMPG, UME and UMC (O/A Tr., May 15, 2006, at 7-8).

4

"Sexy" to MGM. Any such declaration, MGM claims, would nullify the Universal-MGM license and negatively affect Universal's interests. (MGM Br. 5-6). Second, the resolution of the instant action in Universal's absence would result in piecemeal litigation and substantial risk of potentially inconsistent results. (MGM Br. 6). Third, complete and final relief cannot be afforded in Universal's absence. Even if Jayboy wins, Universal could continue licensing "Sexy" even though MGM's use of the song would be an infringement. (MGM Br. 6). Finally, joinder is feasible because there are no problems with subject matter or personal jurisdiction, or venue. (MGM Br. 7).

Jayboy counters with three arguments. Jayboy argues first that it should not be compelled to sue "Universal" when it has chosen not to do so. Rather, MGM should implead Songs, UMPG, UME and UMC under Rule 14. Even if UMPG enforces the California forum selection clause in its licensing agreement, MGM can implead UME, and any final determination as to UME would be res judicata with respect to the UMPG license. (Jayboy Br. 2-4). Second, Jayboy insists that it never licensed any Universal entity to use "You Really Got Me." Jayboy licensed only the Artists to exploit "Sexy" in return for a payment plus royalties. Both of Universal's licenses to MGM, therefore, were worthless. (Jayboy Br. 4-6). Third, Universal could not license MGM to use

5

"Sexy" because the Artists had no authorization to sublicense their non-exclusive license to Universal. (Jayboy Br. 6-9).

**DISCUSSION**

In a motion for compulsory joinder, the Court first decides under the criteria set out Rule 19(a) whether the absentee is a necessary party. If the absentee is necessary, the Court then assesses whether joinder is feasible in terms of jurisdiction and venue. If so, the Court joins the absent party. If joinder is not feasible, the Court must determine under Rule 19(b) whether the action may proceed without the absentee. If the Court concludes that the action cannot proceed, the absentee is termed "indispensable" and the complaint is dismissed.

**A. Whether Songs, UMPG, UME and UMC are "Necessary" Parties**

**1. "Complete Relief"**

Rule 19 provides that an absentee is a necessary party if "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a). This clause "refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 209 (2d Cir. 1985).

MGM's third argument in support of joinder targets the "complete relief" clause. (See supra, p. 5.) MGM contends that complete relief cannot be granted because Songs, UMPG, UME and

6

UMC are not bound by the outcome of this action. The Universal entities thus may continue to license "Sexy" even if Jayboy wins against MGM. This argument is unconvincing. As the Circuit stated in Arkwright-Boston, the courts are concerned only with complete relief between the parties, not between a party and the absentee. See 4 Moore's Federal Practice § 19.03[2][b] (3d ed. 2006) ("The effect of a decision in the present case on the absent party is immaterial under the 'complete relief' clause. The fact that the absentee might later frustrate the outcome of the litigation does not by itself make the absentee necessary for complete relief."). If MGM wins, its victory will be complete with or without the Universal entities. If MGM loses, Jayboy has complete relief, and the outcome of this action is not binding on any suit by MGM against the Universal entities for contribution.

### 2. The Absentee's Ability to Protect Its Interests

A person may be a necessary party if he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a). Universal argues that a decision in Jayboy's favor would nullify the Universal-MGM license and negatively affect Universal's interest in that license. The first problem with this argument is that the absentee must "claim an interest." At oral argument, MGM's

7

counsel conceded that MGM has tendered a defense to the Universal entities several times since commencing the action, and that "they [Universal] are not stepping up." (O/A Tr. at 10.) Thus, the Universal entities are not beating down the door of the courthouse in order to "claim an interest" in this case.

Even assuming *arguendo* that Songs, UMPG, UME and UMC have an interest in peril (i.e. the licensing agreements), their ability to protect this interest is not "impair[ed] or impede[d]" by this action. The outcome of this litigation is not *res judicata* as to the Universal entities. Even if, as MGM suggests, a victory by Jayboy in this matter requires a finding that the Universal-MGM licensing agreements were invalid, that finding does not result in issue preclusion (i.e., collateral estoppel) if MGM sues the Universal entities for contribution. The Universal entities are not parties to the instant litigation. They have yet to have a full and fair opportunity to litigate the validity of their licensing agreements.

Third, nothing in the record suggests that Songs, UMPG, UME and UMC have an independent copyright in peril. For example, if the entities had a copyright in "Sexy" that might be subject to cancellation if Jayboy wins this suit, then the Universal entities might be necessary parties. This was the issue in *Lipton v. The Nature Co.*, 781 F. Supp. 1032 (S.D.N.Y. 1992) (Owen, J.), cited by MGM as "nearly identical" to the instant

matter. (MGM Reply Br. 4.) In Lipton, Judge Owen explicitly found that the absentee, who had licensed his copyrighted material to the defendant, was in danger of having that copyright canceled if the plaintiff prevailed because the plaintiff sought that relief. Lipton, 781 F. Supp. at 1034-35. In the case at bar, Jayboy is not seeking to cancel any of the Universal entities' rights in "Sexy," to the extent any such rights exist. Jayboy gave Songs, UMG and UM&D a general release in the Settlement.

MGM fails to persuade the Court that Songs, UMPG, UME and UMC have claimed an interest relating to Jayboy's claim of copyright infringement, and that the disposition of this action will impair or impede their ability to protect this interest.

### 3. Double, Inconsistent or Multiple Obligations

An absentee will be a necessary party if the absentee "claims an interest" and disposition of the action "leave[s] any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). MGM argues that a Jayboy victory would mean that the Universal entities had no right to license "Sexy" to MGM. In a later suit, MGM "risk[s] the possibly inconsistent result that Universal did have the right to license SEXY to MGM." (MGM Reply Br. 4).

The rule says "inconsistent obligations," not "inconsistent adjudications." See 4 Moore's Federal Practice §

9

19.03[4][d] (3d ed. 2006) ("'[M]ultiple liability' clause .... is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic."). MGM does not argue that it will be subject, for example, to double liability or to a court order that requires the violation of another court order. See id. Ultimately, joint tortfeasors are rarely necessary parties under the multiple obligations clause. See id. ("[T]he possibility that, in the absence of a joint tortfeasor, a defendant may be liable in the original action and lose a subsequent action for contribution against the joint tortfeasor is not the kind of inconsistency contemplated by the 'multiple liability' clause."); see also Robbins Music Corp. v. Alamo Music, Inc., 119 F. Supp. 29, 31 (S.D.N.Y. 1954) (Weinfeld, J.) ("It is hornbook law that an aggrieved party is not compelled to sue all tort-feasors. He may sue one or more or all of them, at his discretion.").[3]

---

[3] In Robbins, plaintiffs sued defendants for infringing plaintiffs' songs. Defendants moved to dismiss because plaintiffs failed to join the composer of the songs. Defendants argued that the composer was a necessary party because their rights to the songs derived from him. While recognizing the composer's interest in the case, Judge Weinfeld denied the motion.

MGM cites Wales Indus. Inc. v. Hasbro Bradley, Inc., 612 F. Supp. 510 (S.D.N.Y. 1985) (Weinfeld, J.), which involved the "Transformer" robot toys. This case is distinguishable because the Wales plaintiff sought a declaratory judgment of non-infringement. Judge Weinfeld recognized that even if plaintiff prevailed, the absentee would not be bound by the judgment and could sue plaintiff for infringement. Id. at 517. Jayboy is not in the same vulnerable position.

## CONCLUSION

For the foregoing reasons, MGM's motion to compel the joinder of Songs, UMPG, UME and UMC is denied. Magistrate Judge Dollinger will supervise discovery, which shall be completed by September 8, 2006. A pre-trial conference is scheduled before the undersigned on September 11, 2006, at 10:00 a.m.

**SO ORDERED.**

Dated: New York, New York
       June 23, 2006

                                          _John F. Keenan_
                                          **JOHN F. KEENAN**
                                          United States District Judge